In its brief, Southern Life argues that "[b]y remanding this case to this Court for further consideration in light ofPacific Mutual [v. Haslip, ___ U.S. ___, 111 S.Ct. 1032
(1991)], the Supreme Court has clearly indicated its view that there is a substantial likelihood that the $499,000 punitive *Page 860 
damages award inflicted against Southern Life and Mr. Perry violates the new due process standards articulated in that case."
Lucy Turner views the issue differently. In her brief, she states that "Alabama's constitutionally acceptable procedures for scrutinizing punitive verdicts for excessiveness were applied properly in the trial court and on appellate review," and that "[p]ursuant to the United States Supreme Court's mandate, this Court should reaffirm the Judgment."
It is apparent, therefore, based on these opposing arguments, that the parties disagree on the scope of this Court's review in accordance with the Supreme Court's mandate. Frankly, I cannot tell at this point which party has the better argument, but it would appear that this Court was ordered to do more than merely reaffirm the judgment entered before without considering whether the $499,000 punitive damages award was excessive, especially in view of the fact that it was almost 500 times greater than the actual compensatory damages suffered by the plaintiff.
It would appear that the Supreme Court, in Haslip, did more than merely approve the Alabama procedure for review of punitive damages awards, because the Court, in Haslip, reviewed the $840,000 award made in that case to determine independently whether due process requirements were met. The Court stated:
 "We are aware that the punitive damages award in this case is more than 4 times the amount of compensatory damages, is more than 200 times the out-of-pocket expenses of respondent Haslip, . . . and, of course, is much in excess of the fine that could be imposed for insurance fraud under Ala. Code §§ 13A-5-11 and 13A-5-12(a) (1982), and §§ 27-1-12, 27-12-17 and 27-12-23 (1986). Imprisonment, however, could also be required of an individual in the criminal context. While the monetary comparisons are wide and, indeed, may be close to the line, the award here did not lack objective criteria. We conclude, after careful consideration, that in this case it does not cross the line into the area of constitutional impropriety."
___ U.S. at ___, 111 S.Ct. at 1046.
If the mandate of the Supreme Court requires this Court to apply the Haslip guidelines, i.e., to consider the size of the punitive damages award as compared to the amount of actual monetary loss suffered, and the size of the punitive award as compared to a penalty that could be imposed for insurance fraud, then this Court has not fully understood the scope of the mandate. On the other hand, if the Supreme Court was mandating that this Court review once again what this Court had already done, then Ms. Turner is correct and the judgment is due to be affirmed once again.
If the Supreme Court mandated that this Court consider the judgment again in view of what that Court said inHaslip about the necessity of comparing a punitive damages award with the amount of compensatory damages awarded, then there is a serious question of whether the $500,000 judgment can stand, because the punitive damages award by the jury in this case was 4,999 times larger than the monetary loss suffered, and even after remittitur was 499 times greater than the loss suffered. If the $840,000 punitive damages award inHaslip, which was "4 times the amount of compensatory damages," was "close to the line . . . of constitutional impropriety," (Haslip, ___ U.S. at ___, 111 S.Ct. at 1046), then the award in this case, which is 499 times the amount of compensatory damages, must "cross the line," because the $499,000 punitive award has no "understandable relationship to compensatory damages." ___ U.S. at ___, 111 S.Ct. at 1045.
This Court, on remand, clearly has not reconsidered the judgment and addressed an issue the Supreme Court of the United States considers to be relevant — the size of the punitive damages award when compared to the actual loss suffered. On the contrary, this Court specifically states that it finds "no compelling reason to set an arbitrary mathematical relationship between compensatory and punitive damages," *Page 861 
and that "[s]uch a relationship would inevitably result in injustice, and we decline to impose it." If that holding says what it seems to say, then this Court believes that a comparison of the size of the punitive damages award to the amount of actual loss suffered is not relevant. Of course, the Supreme Court of the United States seems to say that such a comparison is relevant.
Based on these facts, I have reservations about concurring in this Court's affirmance of the judgment, and I would disagree with the result if I could be absolutely sure about what the Supreme Court of the United States meant when it mandated a reconsideration of this case in view of the Haslip case. The Supreme Court of the United States must have been aware that the original verdict in this case was for $5,000,000 and that the trial judge, after conducting a Hammond-type hearing, ordered a remittitur of all but $500,000 of that verdict. The Supreme Court also must have been aware that this Court had conducted a review of that trial court action on the original appeal. At that time, I concurred in the affirmance of the judgment, but specifically stated that I had dissented in theHaslip case, and that my dissent in Haslip would be adopted by the Supreme Court of the United States. It was not, of course; therefore, I must assume that the Supreme Court of the United States is of the opinion that the Hammond-Green Oil reviews are adequate and meaningful.
I stated in the dissent in Pacific Mutual Life Insurance Co.v. Haslip, 553 So.2d 537, 545 (Ala. 1989) that "[w]hile I applaud the procedure this Court has adopted to review and revise the jury's decision based on its 'standardless discretion,' I cannot believe that procedure is sufficient to accord to litigants all the due process protection the Constitution envisions." The Supreme Court concluded otherwise, and held that those procedures were adequate and meaningful. Post-Haslip reviews by this Court, including this one, indicate that the procedures, when actually applied, are not adequate and meaningful, as I have pointed out in dissents. In Armstrongv. Roger's Outdoor Sports, Inc., 581 So.2d 414 (Ala. 1991), this Court overturned a trial court's judgment on review of a punitive damages award and held a state statute unconstitutional, even though the constitutionality of the statute had not been raised. In Principal Financial Group v.Thomas, 585 So.2d 816 (Ala. 1991), this Court upheld a $750,000 judgment, which was 750 times higher than the compensatory damages, even though the contractual issue of the liability of the company to pay was not finally determined until the jury resolved the issue in favor of the policyholder after a trial of the case.
I concurred in the judgment on our original review of this case on condition the Supreme Court affirm the Haslip decision of this Court. That Court not only has affirmed that decision, but has remanded this case for reconsideration in light ofHaslip.
While I do not read Haslip as saying all that some other members of this Court apparently seem to think it says, I was wrong in my assessment of what the Supreme Court would decide in the Haslip case; therefore, I concur in the result only.